IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAMON ZEIGLER, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : No. 5:17-cv-00272-CAR-CHW |
| ERICA WOODFORD, *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER ON MOTION

Plaintiff Damon Zeigler, an inmate confined at the Wilcox State Prison in Abbeville, Georgia, filed a civil rights complaint in this court seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. After conducting a preliminary review of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(a), this Court found that Plaintiff failed to state a claim upon which relief may be granted and dismissed the Complaint without prejudice. Order of Dismissal 3-7, ECF No. 5; Judgment, ECF No. 6.

Plaintiff has now filed a Motion for Reconsideration of the Order of Dismissal, asserting that he should have been given an opportunity to amend his Complaint before it was dismissed. Mot. for Recons. 1-2, ECF No. 7. Local Rule 7.6 cautions that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. A motion for reconsideration serves a "narrow purpose," primarily to "correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion." *Hicks v. Battle*, No. 5:03-cv-307 (CAR),

2007 WL 2746660, at *1 (M.D. Ga. Sept. 18, 2007) (internal quotation marks and citation omitted). Reconsideration is thus "appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Id.*

With regard to Plaintiff's argument that this Court should have provided him with an opportunity to amend his Complaint, this Court is not required to *sua sponte* provide a plaintiff with an opportunity to amend a complaint when the complaint is dismissed *without prejudice*, as it was in this case.[1] *See Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249-50 (11th Cir. 2009) (per curiam) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*."). Moreover, Plaintiff has not identified any new facts that he would have alleged in an amended complaint to sufficiently state a claim upon which relief could be granted. *See* Mot. for Recons. 1-2, ECF No. 7.

Accordingly, the Court finds that Plaintiff's motion fails to identify any valid basis

---

[1] When a refiled complaint would be barred by the statute of limitations, the dismissal is effectively a dismissal with prejudice. *See Justice v. United States*, 6 F.3d 1474, 1482 n.15 (1993). In his Complaint, which Plaintiff signed on July 11, 2017, Plaintiff alleged that the Defendants were currently denying him access to the courts. *See* Compl. 9-10, ECF No. 1. Thus, based on the allegations in the Complaint, it does not appear that the statute of limitations would bar Plaintiff from refiling his Complaint if he acts promptly to do so. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir 2003) (explaining that, in access-to-courts cases, the statute of limitations begins to run "only when the [prisoner] knew or should have known that [he] ha[s] suffered injury to [his] right of access and who caused it").

for reconsideration. The Court likewise does not find any clear error in the dismissal of Plaintiff's Complaint. Thus, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 15th day of September, 2017.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT